Browning and Justice v. Skillman.

CITED *in Fleming* v. *Freese*, 2 *Dutch.* 266-268.

---

## BROWNING AND JUSTICE v. SKILLMAN.

1. Upon a trial where the *bona fides* of a sale of personal property is in question, and the vendee had before the sale a mixed possession, as servant of vendor, it is proper to ask a witness when he first heard of the sale : such evidence is no part of the sale, but only of the fact of its being known and notorious.

2. A levy upon goods, a removal of the same, and the sale thereof, although upon three several days, constitute but one act of trespass, and the plaintiff cannot be called upon to elect on which of the three he relies.

3. If goods levied upon by an officer be left with the defendant in execution, he has such title as bailee of the officer as will enable him to maintain trespass for their being taken away.

4. Where upon a general and special plea pleaded, and issue joined on both, a verdict is found generally for the plaintiff, and the special plea is such that if it were true a verdict ought not to have been found for the plaintiff, the omission to find upon the special issue is matter of form only, and judgment will be entered for the plaintiff.

This cause came up by a writ of error to the Mercer county Common Pleas. The errors were assigned upon four bills of exceptions. The facts upon which the questions arose are sufficiently stated in the opinion of the court.

Argued by Mr. *Dayton* and Mr. *Beasley*, for plaintiff in error, and Mr. *Lanning*, for defendant, before the CHIEF JUSTICE and Justices OGDEN and POTTS.

The CHIEF JUSTICE. This was an action of trespass, brought by Skillman against the plaintiffs in error, for taking, carrying away, and converting his goods to their use. The plaintiff carried on the business of hack driving. The property in question was a part of his stock, consisting chiefly of horses and carriages. He claimed to have purchased the property of his brother, John Skillman, who formerly owned it, and carried on the business. It was levied upon, by virtue of an execution at the suit of Browning, as the property of John Skillman. On the trial, the question arose whether the property still remained the property of John Skillman, or whether it had been transferred, by a *bona fide* sale, to his brother George. George Skillman, the plaintiff, was in possession, carrying on the business, but whether on his own account or for his brother was disputed. A witness having testified that, for a considerable time, the plaintiff had had the property in his possession, claiming and using it as his own, and having also testified, on cross-examination, that the plaintiff formerly drove the same carriages for his brother John, and that of his own knowledge the witness knew of no sale by John to the plain-

tiff, he was asked when he first heard that the plaintiff had bought the property of his brother John? The question was objected to, on the ground that title to the property in dispute could not be proved by hearsay. The evidence was admitted, and this forms the ground of the first bill of exceptions.

The evidence was clearly competent for the purpose of ascertaining the time when the alleged sale took place, and also as tending to show that the sale was not secret, but notorious; secrecy being a recognised badge of fraud. In admitting the evidence, the court neither denied nor violated the principle upon which the objection was based. He did not permit the plaintiff to prove his title to the goods in dispute by the hearsay of witnesses. Upon a question of fraud in the sale of chattels, the open and notorious possession and use of the goods by the vendee, as his own, is competent evidence.

The ground of action is, that the defendants, with force and arms, *took, carried away,* and *converted* to their own use the property of the plaintiff. On the trial, the plaintiff proved that the defendants, Justice, as sheriff, and Browning, as plaintiff in execution, under color of an execution against John Skillman, levied upon, removed, and sold the goods in question. The levy was made upon one day, and the goods left in the plaintiff's possession. Upon a subsequent day, they were removed, and upon a third day sold. Thereupon the defendants called upon the court to compel the plaintiff to elect one single act of trespass upon which he would rely, on the ground that there was but one trespass charged in the declaration. The motion was denied, and this constitutes the second error assigned.

The only trespasses proved were the levying upon, the removal, and the sale of the goods under color of an execution. The motion was virtually an application to the court to declare that these constituted distinct acts of trespass; that the plaintiff might rely upon and recover damages for either the levy, or the removal, or the sale, but that he could not recover for or prove all the acts under a charge for one trespass. The objection has at least the merit of novelty; and if it had been successful, and followed out in the same ingenious spirit, it

might have rendered the defence before the jury complete. If the plaintiff had elected to rely upon the *levy* as the ground of action, the answer would have been, that he could recover but nominal damages, for the goods were not removed from his possession. If he had elected to rely upon the sale, the answer would have been, that the goods had previously been removed from his possession, and that trespass would not lie. Hitherto the seizure, the carrying away, and the sale of a plaintiff's goods, whether done or not at the same hour and upon the same day, have been regarded as but parts of one and the same *tort*. The doctrine is in itself reasonable, and, in the absence of all authority for that purpose, there seems to be no good ground for overturning it.

A part of the property taken by the defendants had been, prior to the time of the levy under which they acted, seized upon as the property of the plaintiff below, by virtue of an execution issued against him out of the court for the trial of small causes. The property had not been removed out of the plaintiff's possession. There was an agreement, between the plaintiff and defendant in the execution, that the property was to be left in the defendant's possession for one year, and within that time the execution was to be paid off by instalments. While it thus remained in Skillman's possession, before the close of the year it was levied on by the defendants. The court were called upon to instruct the jury, that all evidence in relation to the property thus levied upon should be overruled, upon the ground that the goods were not in the *possession* of Skillman, but of the constable, by virtue of his levy. The refusal of the court to give this instruction, is assigned as another ground of error.

Waiving all questions as to the effect of the agreement between the parties upon the lien of the execution, and treating the question as if the levy were in full force, this assignment presents the simple inquiry, whether the owner of goods levied upon by virtue of an execution, and left in the possession and custody of the owner by the officer, has such a possession of the goods as to enable him to maintain an action of trespass against a *tort feasor*. Admitting the legal possession of goods

levied upon to be in the officer, the owner remains in the actual possession, as bailee of the sheriff. In that character, even if a bailee was coupled with an interest, he may maintain trespass against a wrong doer. *Root* v. *Wilson,* 1 *Barr. & Ald.* 59; 2 *Saund. P. and Ev.* 861.

The principle having been adopted in this state, that the officer may leave goods levied upon in the possession of the defendant, for his use and subject to his control, the owner has, both in fact and in law, such possession as will enable him to maintain trespass. He has clearly such an interest in the goods as entitles him to an action for their destruction.

The case now under consideration is entirely clear from difficulties upon this point. By the agreement of the plaintiffs and defendant in execution, the goods were to be left in the defendant's possession for one year. During that period, the right of action and the possession necessary to maintain trespass was clearly in the plaintiffs.

The last error assigned is, that the verdict does not sufficiently find the issues joined in the cause. The defendants pleaded the general issue and a special justification, upon which issue was taken. The jury found the defendants guilty, but there is no finding upon the special plea. The rule is, that the verdict must comprehend all the issues, or the judgment will be reversed. But, says Hobart, " however the verdict seems to stray, and conclude not formally or punctually unto the issue, so as you cannot find the words of the issue in the verdict, yet if a verdict may be concluded out of it to the points in issue, the court shall work it into form and make it serve." *Foster* v. *Jackson, Hobart* 54, *a.*

Hence, whenever the general issue and a special justification is pleaded, and a verdict is found for the plaintiff on the general issue, if it is apparent that the verdict could not have been so found if the special plea had been supported, the omission is matter of form only. *Hanks* v. *Crofton,* 2 *Burr.* 698; *Thompson* v. *Button,* 14 *Johns. R.* 34; *Middleton* v. *Quigley,* 7 *Halst.* 352.

It is manifest that the verdict of guilty could not have been

rendered in this cause if the jury under the second issue had not found the property or the goods in the plaintiff.

The judgment must be affirmed.

OGDEN, J.  George Skillman prosecuted George T. Browning and Joseph Justice in the Circuit Court of Mercer county, in an action of trespass for taking away his personal chattels. The cause was brought to trial before Judge ·Potts upon two issues, one, not guilty, the other, whether the property belonged to George or to his brother, John Skillman, against whom Justice, as sheriff of the county, held an execution in favor of Browning, by virtue of which he had levied upon the property in dispute, and had sold it as John's property.

The jury rendered a general verdict in favor of George Skillman, and assessed the damages at $299, upon which judgment was rendered.

During the, progress of the trial, three bills of exceptions were prayed and allowed, on which errors have been assigned. They will be considered in the order presented in the assignment.

The first complaint is, that the judge, upon the trial below, permitted the defendant in error to prove his title to the goods and chattels in dispute by hearsay testimony.  John Skillman had been the owner of the property, and George acquired whatever title he had from him.

*Charles Wright*, a witness on the part of the defendant in error, having testified to acts of ownership over the property by George, and to other matters respecting his title to it, was asked, upon reëxamination, " When he heard that George bought the property of his brother John ?"  This question was objected to, the objection overruled, and a bill prayed.  The point of the question, and of the answer to it, were misconceived by the counsel of the plaintiffs in error.  It was not an effort by the plaintiff below to show title by reputation, but was designed and tended only to fix a date to the matters and facts to which the witness had previously testified.  There was no error in that ruling of the judge.

The second complaint is, that the plaintiff below, having

offered proof of two alleged trespasses, at different times, upon a declaration containing one count, without a *continuando*, and rested his cause, the judge refused to put him to an election of one of the acts of trespass, as the foundation of his action.

The property in question consisted of horses and hacks, which were used by George Skillman on the stage route between Princeton and Trenton. The sheriff made his levy at the stable of Mr. Miller, where the horses were kept in Trenton, and left the property where he found it. A few days afterwards, one Isaiah W. Lanning, a constable of that county, took possession of the property, fastened the hacks with locks and chains, and directed the ostler to take care of the horses for him. Shortly after this, the sheriff took the property from the stable, moved it to an auction stand, and sold it. The proceedings of the sheriff, as far as the plaintiff below was concerned, were one continuous act; he commenced it by levying upon the property, and consummated it by a removal and sale, against the plaintiffs' consent. His acts of control over the chattels were not divisible independent acts, but they constituted (if the jury found them to be unlawful) one trespass. The judge did not err in declining to require the plaintiff below to rely entirely either upon the act of the levy or upon the act of removing and selling the property.

The last error is assigned on the ground that Lanning, the constable, had such a possession of the articles inventoried on his levy as debarred the plaintiff below from maintaining trespass for them against a third person; and the plaintiffs in error complain that the judge, at the trial, refused to overrule as illegal and incompetent, the testimony in the cause relative to those goods and chattels.

It appeared in evidence that one William A. Brearley had obtained a judgment against George Skillman, in the court for the trial of small causes, for $50 debt, besides costs, on the 14th of November, 1849, upon which an execution was issued, and placed in the hands of Lanning, the constable; that by virtue thereof, the constable, on the 14th of November, made a levy upon and an inventory of a part of the property

in dispute, by receiving a list from George Skillman without seeing the articles; that, with the consent of Brearley, he left the property in the possession and under the control of Skillman till he should be otherwise directed, and he did not see it at all until after the sheriff had made his levy in March following, when he took actual possession of it, and without any authority from Skillman to do so, as deduced from the proofs. The constable, if his levy was lawful, had a special property in the goods inventoried by him, and, unless his right to the possession was suspended by his stay, he could have maintained trespass against a wrong doer; but such special property in him did not divest the actual owner of the rights which were incident to his general property. When the sheriff made his levy, the articles were in the actual possession of George, who was using them as his own.

Trespass *de bonis asportatis*, may be maintained against a mere wrong doer by the actual owner of the goods, and also by one having a special property in them, as a carrier, bailee, or sheriff, coupled with the actual possession by the latter. A recovery by one will oust the other. 2 *Greenl.* § 614, &c.; 2 *Ib.* 861; *Bacon's Abr. letter c, chap.* 2, § 34–5; 2 *Roll. Abr.* § 569, *p.* 5.

I do not see that the judge committed an error in refusing to overrule the testimony, as requested to do by the counsel for the plaintiff in error.

In my opinion the judgment below should be affirmed with costs.

POTTS, J., concurred.